UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DOUGLAS F. CARLSON,<br><br>          Plaintiff,<br><br>     v.<br><br>UNITED STATES POSTAL SERVICE,<br><br>          Defendant. | Case No.  15-cv-06055-JCS<br><br>**ORDER GRANTING IN PART MOTION TO VACATE OR LIMIT MINUTE ORDER RE CONTACTING PLAINTIFF**<br><br>Re: Dkt. No. 34 |

## I.       INTRODUCTION

Plaintiff Douglas F. Carlson initiated this action against the United States Postal Service ("USPS") on December 24, 2015, seeking to compel the production of records requested under the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552. At a Case Management Conference on December 2, 2016, the Court ordered that "[o]ther than the ordinary course of processing FOIA requests the US Postal Service may not directly contact Mr. Carlson while the matter is pending." Dkt. 32. The Court further stated that the restriction "may be changed upon motion of the AUSA for good cause." *Id*. Presently before the Court is a request by USPS asking the Court vacate or limit the restriction requiring USPS to communicate with Mr. Carlson only through counsel. Dkt. 34 ("Motion"). The Court finds the Motion suitable for determination without oral argument pursuant to Civil Local Rule 7-1(b). For the reasons stated below, the Motion is GRANTED in part.[1]

## II.      BACKGROUND

On June 15, 2016, a Postal Inspector went to Mr. Carlson's residence "uninvited." Carlson

---

[1] The parties have consented to the jurisdiction of the undersigned magistrate judge pursuant to 28 U.S.C. § 636(c).

Decl. ¶ 1. Mr. Carlson was not home, so the Postal Inspector left with the lobby concierge a business card with a hand-written note on the back asking Mr. Carlson to call him. *Id.* In response to a subsequent e-mail inquiry from Mr. Carlson, the Postal Inspector told Mr. Carlson that he was investigating in connection with a FOIA request about a particular employee of the USPS and wanted to ensure that Mr. Carlson would not use the requested information to bring any physical harm to the employee. *Id.* ¶ 3. When Mr. Carlson asked the Postal Inspector to identify the specific FOIA request that was the subject of the investigation, the Postal Inspector said he did not know which FOIA request he was investigating. *Id.*

On June 24, 2016, at a Case Management Conference, Mr. Carlson informed the Court of the visit and said that he was "unnerved" by it. The Court directed counsel for USPS to "investigate the US Postal Inspector contacting Mr. Carlson regarding his FOIA request." Dkt. 18. At a subsequent Case Management Conference, on December 2, 2016, counsel for USPS provided little additional information, telling the Court only that the Postal Inspector had contacted Mr. Carlson about "some of his FOIA requests," that the reasons for the contact were stated in the Postal Inspector's emails to Mr. Carlson, and that "to the best of [her] knowledge," there had been no further contacts between Mr. Carlson and the Postal Inspector. Cormier Decl. ¶ 4.

The results of Mr. Carlson's own investigation suggest that the visit to his residence by the Postal Inspector on June 15, 2016 was related to the FOIA request in this case. On July 15, 2016, having received no information from counsel for the Postal Service, Mr. Carlson submitted a FOIA request for documents related to the Postal Inspector's visit to his residence. *Id.* ¶ 5. In response, USPS produced to Mr. Carlson copies of emails between Mr. Carlson and the Postal Inspector, printouts of the results of a May 18, 2016 search of federal docket records relating to Mr. Carlson's prior FOIA litigation, and DMV and AFS searches on Mr. Carlson. *Id.* The documents also included the entire complaint and all of the exhibits supporting Mr. Carlson's FOIA request in the instant action. *Id.*

**III.  DISCUSSION**

"Federal Courts have the inherent power to manage their own proceedings and to control

the conduct of those who appear before them." *Chambers v. NASCO, Inc.*, 501 U.S. 32, 33 (1991).  It is within the court's "inherent power to prohibit direct communications from one party to another under appropriate circumstances." *Rein v. Socialist People's Libyan Arab Jamahiriya*, 995 F. Supp. 325, 332 (E.D.N.Y. 1998).  The Postal Inspector came to Mr. Carlson's residence unannounced and when contacted by Mr. Carlson was unable to provide a complete explanation regarding the purpose of his investigation, telling Mr. Carlson that he did not know which FOIA request he was investigating.   Because such contacts have the potential to intimidate a FOIA plaintiff or even constitute harassment, the Court concludes that a limited restriction on direct communications with Mr. Carlson is warranted here.  The Court recognizes, however, the concerns expressed by the USPS relating to the potential overbreadth of the Court's previous order.

Accordingly, the Court modifies the December 2, 2016 order relating to communications with Mr. Carlson to provide as follows:  Unless USPS obtains prior leave of this Court, any USPS communications that are directly related to the FOIA request in the instant action, as stated in Mr. Carlson's complaint, shall be required to go through counsel.

**IT IS SO ORDERED.**

Dated: February 1, 2017

_____
JOSEPH C. SPERO
Chief Magistrate Judge